# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN DAVIS,<br><br>             Petitioner,<br><br>    vs.<br><br>BILL LOCKYER,<br><br>             Respondent. | 1:02-cv-05990-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is in custody of the California Department of Corrections and Rehabilitation as a result of a conviction in the Superior Court of California, County of Kern (the "Superior Court") of premeditated and deliberate murder (Cal. Penal Code §187(a)), with a finding Petitioner personally discharged a firearm proximately causing great bodily injury or death, and for carrying a loaded firearm as an active member of a criminal street gang (Cal. Penal Code § 12031(A)(2)(c)), with findings Petitioner committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members. (Clerk's Transcript on Appeal ("CT") 16-17; 217, 242). Petitioner was sentenced to an indeterminate term of fifty years to life. (CT 242).

1

Petitioner filed a direct appeal in the California Court of Appeals, Fifth Appellate District (the "5th DCA"), and filed his opening brief on August 30 or 31, 2000. (Doc. 6, Exh. 1). Petitioner raised a single issue in his direct appeal, i.e., that the trial court erred in admitting evidence of gang activity to prove his guilt. (Id. at 14-21).  On June 7, 2001, the 5th DCA affirmed Petitioner's conviction and sentence in an unpublished opinion.  (Doc. 6, Exh. 3).

On July 6, 2001, Petitioner filed a petition for review in the California Supreme Court raising the same issue.  (Doc. 6, Exhs. 4, 5).  On August 8, 2001, the California Supreme Court denied the petition for review.  (Id., Exh. 5).

On August 14, 2002, Petitioner filed the instant petition.  (Doc. 1).  On December 20, 2002,  Respondent filed a response to the petition. (Doc. 6).  Respondent concedes that Petitioner's ground for relief in the has been fully exhausted. (Doc. 6, p. 3).  However, Respondent contends that Petitioner's claim is procedurally barred from federal review because of the failure of the defense to make a timely evidentiary objection to the contested evidence. (Doc. 6, p. 3).

## FACTUAL BACKGROUND

The Court hereby adopts the Statement of Facts contained in the 5th DCA's unpublished opinion in this case:

> On July 20, 1999, at approximately 9:00 p.m., stepbrothers, Marc Young (Young) and Damon Porter (Porter), were standing in their front yard when appellant rode up on a bicycle. Appellant dismounted the bicycle and approached the brothers. Porter was a significant figure in the Blood criminal street gang and appellant was a member of the Country Boy Crips, a rival gang.
>
> Appellant repeatedly addressed Porter and Young, asking "What's up?" and referring to them as "cuz," a term used exclusively among members of the Country Boy Crips.  When appellant got within two or three feet of the brothers, he removed a gun from his pant's pocket and pointed it at Young's head.  Porter intervened by advising appellant that they were not "with that stuff."  In response, appellant directed the gun to Porter's head and shot.  Porter collapsed and Young ran into his house to notify his parents.  Young provided police a description of appellant.  Appellant left on the bicycle and was subsequently arrested by police officers responding to the broadcast of the assailant's description.
>
> As part of its case-in-chief, the prosecution offered the testimony of Steve Ramsey (Ramsey), a detective for the Bakersfield Police Department who interviewed appellant the night of the murder.  Appellant told him that he was walking in the area of the shooting at approximately 9:00 p.m. and that he heard four or five gunshots.  Ramsey

///

1  specifically asked appellant if he was a gang member and appellant admitted that he was an active member of the Country Boy Crips.

The prosecution subsequently called William Darbee (Darbee), a Bakersfield police officer assigned to the gang unit, to the stand. He testified that the Country Boy Crips is an established criminal street gang operating in Bakersfield. He stated that he was familiar with a 1992 homicide and a 1993 shooting that were both attributed to the gang. He also opined that appellant is an active member of the Country Boy Crips based on the nature of his prior crimes. In 1995, appellant was arrested for shoplifting gold necklaces. Gang members often wear gold jewelry and try to impress others with it. In 1997, he was arrested for residential burglary facilitated by lookouts. Gangs often use lookouts in committing such offenses and one of the perpetrators possibly had gang connections. In 1997, appellant was arrested for battery. Darbee testified that, in typical gang style, two gang members came to his defense when the victim started to overpower appellant. In 1997, appellant and a known County Boy Crip were involved in a robbery in broad daylight. Such a robbery is typical of gang members who want to "show out" in their neighborhood. In 1998, appellant stole several boxes of cigars from a store. Gang members cut the cigars open and substitute the tobacco with marijuana. However, Darbee stated that the best evidence that appellant is a gang member was his admission to Ramsey. Defense counsel did not object at any time to Darbee's testimony.

Appellant testified and denied telling Ramsey of his gang affiliation. He admitted shooting Porter, but claimed that the shooting was accidental.

(Doc. 6, Exh. 3, pp. 2-3).

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d). Accordingly, the Court has jurisdiction over this action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), overruled on other grounds by, Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment). The original petition was filed on August 14, 2002, after the enactment of the AEDPA, and thus it is governed by the AEDPA.

**II.  Legal Standard of Review**

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the adjudication of a prisoner's claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams v. Taylor, 529 U.S. at 412-413.

The first prong of federal habeas review involves the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1). This prong pertains to questions of law and mixed questions of law and fact. Williams v. Taylor, 529 U.S. at 407-410; Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2004). A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams v. Taylor, 529 U.S. at 405. A state court decision involves an "unreasonable application" of clearly established federal law "if the state court applies [the Supreme Court's precedents] to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. at 141. Consequently, a federal court may not grant habeas relief simply because the state court's decision is incorrect or erroneous; the state court's decision must also be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 511 (2003),  citing Williams v. Taylor, 529 U.S. at 409. Section 2254(d)(1)'s reference to "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412; Lockyer v. Andrade, 538 U.S. at 412; Barker v. Fleming, 423 F. 3d 1085, 1093 (9th Cir. 2005).

The second prong of federal habeas review involves the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2). This prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d at 637, citing Miller-El v. Cockrell, 537 U.S. 322 (2003).

4

Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. at 520; Jeffries v. Wood, 114 F.3d at 1500 (when reviewing a state court's factual determinations, a "responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment"). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Id.; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert.denied, Maddox v. Taylor, 543 U.S. 1038 (2004). The AEDPA also requires that considerable deference be given to a state court's factual findings. A state court's factual findings are presumed to be correct, and such presumption of correctness may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court decided the petitioner's claims on the merits but provided no reasoning for its decision, the federal habeas court must independently review the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 981-982 (9th Cir. 2000). Where the state court denied the petitioner's claims on procedural grounds or did not decide such claims on the merits, the deferential standard of the AEDPA do not apply and the federal court must review the petitioner's 's claims de novo. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

**III.  Review of Petitioner's Claims**

The petition alleges the following ground for relief:

**Ground One**   **Admission of two prior crimes committed by the Country Boy Crips was highly prejudicial to Petitioner and should not have been admitted.**

**A. Ground One Is Procedurally Barred**

Before turning to the merits of Petitioner's contentions, it is necessary to address Respondent's argument that Ground One is procedurally barred under for failure to make a

5

1  timely objection at trial   (Doc. 6, p. 8).

2  **1. Independent and Adequate Grounds**

3  A federal court will not review claims in a petition for writ of habeas corpus if the state

4  court has denied relief on those claims based on a state procedural law.  Ylst v. Nunnemaker, 501

5  U.S. 797, 801 (1991);  Coleman v. Thompson, 501 U.S. 722, 729-730 (1991); Park v. California,

6  202 F.3d 1146, 1150 (2000) ("A district court properly refuses to reach the merits of a habeas

7  petition if the petitioner has defaulted on the particular state's procedural requirements . . . .").

8  This concept has been commonly referred to as the procedural default doctrine.  This doctrine of

9  procedural default is based on concerns of comity and federalism.  Coleman, 501 U.S. at 730-

10  732.

11  The mere occurrence of a procedural default will not necessarily bar a federal court from

12  reviewing claims in a petition for writ of habeas corpus.  In order for the procedural default

13  doctrine to apply and thereby bar federal review, the state court determination of default must be

14  grounded in state law that is both *adequate* to support the judgment and *independent* of federal

15  law.  Ylst v. Nunnemaker, 501 U.S. at 801;  Coleman v. Thompson, 501 U.S. at 729-730.  Put

16  another way, the procedural default doctrine will apply only if the application of the state

17  procedural rule provides "an adequate and independent state law basis" on which the state court

18  can deny relief.  Park, 202 F.3d at 1151, quoting Coleman v. Thompson, 501 U.S. at 729-730.

19  Provided that the state procedural rule is grounded in state law that is both adequate to

20  support the judgment and independent of federal law, a federal court will be barred from

21  reviewing the merits of a claim only if the state court "unambiguously, clearly and expressly

22  state[d] that its judgment rested on a state procedural bar." Harris v. Reed, 489 U.S. 255, 262-

23  263 (1989).  For California Supreme Court decisions, this means the California Supreme Court

24  must specifically say that it is denying relief on a procedural ground.  Ylst v. Nunnemaker, 501

25  U.S. at 803; Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993);  Hunter v. Aispuro, 982

26  F.2d 344, 347-348 (9th Cir. 1992).  If the California Supreme Court denies a petition's claims

27  without any comment or citation, the federal court must consider that it is a decision on the

28  merits.  Hunter, 982 F.2d at 347-348.

1    In addressing Petitioner's claim of trial error, the 5th DCA stated:

> "Evidence Code section 353 requires that evidentiary objections be made in a timely fashion on the record. Failure to make a proper evidentiary objection precludes raising the admission of the evidence for the first time on appeal. (People v. Clark (1993) 5 Cal.4th 950, 988, fn. 13.) In the instant case, defense counsel failure to object to the admission of either the gang's criminal activity or appellant's criminal past. Therefore, appellant waived his right to raise this issue on appeal."

(Doc. 6, Exh. 3, p. 4).

Respondent argues that the 5th DCA's rejection of the claim on procedural grounds bars this Court from reviewing the claim. Respondent's argument is well-taken.

As previously stated, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729; LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park, 202 F.3d at 1150.

For a state procedural rule to be "independent," the state law ground for decision must not be "interwoven with the federal law." Park, 202 F.3d at 1152, quoting Michigan v. Long, 463 U.S. 1032, 1040-1041 (1983). California's contemporaneous objection rule is applied independent of federal law. People v. Williams, 16 Cal.4th 153, 208 (1997)(rejecting the argument that the court should disregard "technical insufficiencies" in his objections and examine the record for a miscarriage of justice); see Vansickel v. White, 166 F.3d 953, 957-958 (9th Cir. 1999)(recognizing and applying California's contemporaneous objection rule in affirming denial of a federal petition on the ground of procedural default); Bonin v. Calderon, 59 F.3d 815, 842-843 (9th Cir. 1995)(sustaining the state court's finding of procedural default where defendant failed to make any objection at trial); Burch v. Carey, 2002 WL 3189370, *6 (N.D. Cal. Nov. 23, 2002).

///

A state procedural rule on which the state relies to establish a procedural default must also be "adequate." Coleman, 501 U.S. at 735. A state procedural rule is not adequate if, as applied, the rule is arbitrary;[1] not clear, consistently applied or well-established;[2] or if compliance with the state rule is so difficult that the rule is insufficiently hospitable to valid federal claims.[3]

California courts have consistently applied the contemporaneous objection rule. Melendez v. Pliler, 288 F.3d 1120, 1125 (9th Cir. 2002)("We held more than twenty years ago that the rule is consistently applied when a party has failed to make any objection to the admission of evidence.")(citing Garrison v. McCarthy, 653 F.2d 374, 377 (9th Cir. 1981)); Vansickel, 166 F.3d at 957-958; Bonin, 59 F.3d at 842-843.

**2. Unambiguous State Court Reliance On Procedural Default**

Even if the state grounds for the asserted defaults are adequate and independent, the procedural default doctrine will not apply if "the last state court rendering a judgment in the case" reached the merits of the claims. Harris v. Reed, 489 U.S. at 262. Considerations of comity and federalism, which would ordinarily preclude federal review of procedurally defaulted claims, do not apply if a state court decides a constitutional question even though it does not have to. Horsley v. Alabama, 45 F.3d 1486, 1489-1490 (11th Cir. 1995).

In this case, the California Supreme Court never addressed the merits of the case. Rather, the California Supreme Court issued a "silent denial" on August 8, 2001. (Doc. 6, Exh. 5). By its "silent order" denying review of the Superior Court's decision, the California Supreme Court is presumed to have denied the claims presented for the same reasons stated in the opinion of the Court of Appeal. Ylst v. Nunnemaker, 501 U.S. at 803. As the last state court rendering a judgment, the 5th DCA denied the claim unambiguously on state law procedural grounds as well as on the merits. Because the decision plainly relies on state law and on state law alone, the procedural default doctrine is not precluded.

---

[1]See, e.g., Dobbs v. Zant, 506 U.S. 357 (1993) (State's own error gave rise to the state procedural bar).

[2]See, e.g., Calderon v. United States Dist. Ct., 103 F.3d 72 (9th Cir.1996)

[3]See, e.g., Harmon v. Ryan, 959 F.2d 1457 (9th Cir.1992) (state procedures in practice at the time were so ill-defined that petitioner could not reasonably have been expected to comply with state rule in question).

8

**3. The Cause and Prejudice Exception**

If the state has asserted the procedural default doctrine in a timely and proper fashion, and if the default provides an adequate and independent state procedural ground for decision, the petitioner is barred from raising the defaulted claims unless he can 1) excuse the default by demonstrating cause for the default and actual prejudice as a result, or 2) show that the case falls within the category of cases the Supreme Court has characterized as fundamental miscarriages of justice. Harris, 489 U.S. at 262; Coleman, 501 U.S. at 750.

The Supreme Court has stated that cause exists if the prisoner can show that some objective factor external to the defense impeded efforts to comply with the State's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Coleman, 501 U.S. at 752-753; see McCleskey v. Zant, 499 U.S. 467, 493 (1991). The notions of "objective factors" and "external impediments" encompass a broad range of scenarios. Coleman, 501 U.S. at 753.

In this case, Petitioner has not demonstrated "cause" for the default. It is undisputed that trial counsel made no objection at trial. Petitioner has not claimed ineffective assistance of his trial counsel. No "cause" appears in the record to justify an exception to the procedural bar. Likewise, petitioner presents no argument showing actual prejudice for purposes of the procedural default doctrine.

Finally, a petitioner who has committed a procedural default may be excused from the default and obtain federal review if he can demonstrate that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Murray, 477 U.S. at 495, quoting Engle v. Isaac, 456 U.S. 107, 135 (1982) ("[T]he principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'").

The Supreme Court has yet to provide a definitive interpretation of the term "fundamental miscarriage of justice." However, the Court has made it clear that a fundamental miscarriage of justice exists when one alleges "actual innocence." Herrera v. Collins, 506 U.S. 390 (1993); Schlup v. Delo, 513 U.S. 298 (1995); Murray, 477 U.S. at 496 ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually

innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default"). Petitioner must "show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard for the unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of fact would have entertained a reasonable doubt of his guilt." Sawyer v. Whitley, 505 U.S. 333, 339 & n. 5 (1992). However, the district court must "bear in mind that the exception for 'actual innocence' is a very narrow exception." Id. at 341. "A prototypical example of 'actual innocence'. . . is the case where the State has convicted the wrong person of the crime. . . . [I]n rare instances it may turn out later, for example, that another person has credibly confessed to the crime, and it is evident that the law has made a mistake." Id. at 340.

In this case, Petitioner does not contend that he is actually innocent of the crime for which he was convicted, but only that the challenged evidence was highly prejudicial. Petitioner always conceded that he shot the victim, but claimed it was accidental. Evidence was presented that Petitioner admitted to police that he was a gang member and that members of that gang had committed two serious prior crimes, as required by statute. Taken together, however, these factors do not create a "fair probability that, in light of all the evidence, ... the trier of fact would have entertained a reasonable doubt of his guilt." Sawyer, 505 U.S. at 339 & n. 5. Thus, Petitioner's claims do not rise to the level of a "fundamental miscarriage of justice" sufficient to excuse the absence of cause for the default.

Therefore, this Court finds that Respondent has timely raised the procedural default doctrine, and Petitioner's claim in Ground One is procedurally barred. Although the 5th DCA found that Petitioner had waived the issue on appeal because he failed to raise the issue in the trial court, the appellate court went on to address the issue on the merits. The procedural default doctrine is based on comity and federalism. Coleman, 501 U.S. at 730-732. Because the appellate court did address the merits of the claims, the claim may be reviewed by this Court. Thus, the Court will address Petitioner's Ground One Claim and recommend that the claim be denied because it is without merit.

**B. Ground One Should Be Denied On The Merits**

In denying Petitioner's claim on the merits, the 5th DCA held as follows:

> Waiver notwithstanding, appellant's claims are meritless. The Country Boy Crips pattern of criminal gang activity was relevant to prove one of the special allegations alleged in connection with counts I and II (§ 186.22, subd. (b)(1)–i.e., that appellant committed the murder (count I) and possessed a firearm (count II) for the benefit of and in the furtherance of a criminal street gang. Section 186.22, subdivision (b)(1) requires, inter alia, that the members of the gang are engaged in or have engaged in a pattern of criminal gang activity. A pattern of criminal gang activity is defined as the commission of two or more crimes, including homicide and assault with a deadly weapon. (§ 186.22, subds. (e)(1), (e)(3).) Thus, Darbee's testimony regarding the Country Boy Crips's commission of the 1992 homicide and 1993 shooting was relevant to establish the gang's pattern of criminal activity. Moreover, the evidence was not unduly prejudicial to appellant. Evidence of the Country Boy Crips's criminal history does not implicate appellant unless the other elements of the special allegation are proven. (Footnote omitted).

(Doc. 6, Exh. 3, pp. 4-5).

The state court's determination is reasonable and consistent with clearly established federal law. The United States Supreme Court has held that evidence of gang affiliation is admissible when relevant to a material issue in the case. United States v. Abel, 469 U.S. 45, 49 (1984)(gang evidence admissible to show bias); see U.S. v. Santiago, 46 F.3d 885, 889 (9th Cir. 1995)(recognizing that gang evidence is admissible to prove motive). In order to establish the elements of the street gang enhancement under California law the prosecution was required to present evidence to the jury regarding the prior criminal acts of the Country Boy Crips and Petitioner's involvement in that organization. Petitioner does not cite, and the Court is not aware of any United States Supreme Court case holding that the admission of evidence of gang activity or affiliation to prove an element of an offense is a violation of federal constitutional law. Accordingly, the state court's determination was not contrary to nor an unreasonable application of clearly established federal law. See Abel, 469 U.S. at 49; Santiago, 46 F.3d at 889; United States v. Takahashi, 205 F.3d 1161, 1164-1165 (9th Cir. 2000)(gang affiliation evidence admitted to establish bias); United States v. Hankey, 203 F.3d 1160, 1167-1173 (9th Cir. 2000)(expert evidence of gang code of silence upheld to impeach defense witness to establish bias and coercion); Windham v. Merkle, 163 F.3d 1092, 1103-1104 (9th Cir. 1998)(challenge to admission of gang evidence rejected; court treated gang evidence as other crimes evidence); United States v. Easter, 66 F.3d 1018, 1021 (9th Cir. 1995)(gang affiliation evidence admissible

on issue of identity).

Moreover, even if, arguendo, the trial court erred in admitting said evidence, the presentation of the challenged evidence did not "fatally infect" the trial so as to render the proceedings fundamentally unfair. See Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991)(only if no permissible inferences can be drawn from admitted evidence will due process be violated); Pike v. Dickson, 323 F.2d 856, 860 (9th Cir. 1963).

### **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the instant Petition for Writ of Habeas Corpus (Doc. 1) be DENIED.  This Report and Recommendation is submitted to the Honorable Oliver W. Wanger, the Senior United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 23, 2007**                                    **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE