# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN DAVIS,<br><br>           Petitioner,<br><br>    vs.<br><br>BILL LOCKYER,<br><br>           Respondent. | 1:02-cv-05990-OWW-TAG HC<br><br>ORDER DIRECTING CLERK OF COURT TO STRIKE AMENDED PETITION OF JUNE 25, 2007 (Doc. 12)<br><br>ORDER DENYING AS MOOT RESPONDENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED PETITION (Doc. 14) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On April 23, 2007, the Court issued a Report and Recommendation to deny the petition on its merits. (Doc. 9). On June 25, 2007, Petitioner, without permission of the Court, submitted an amended petition. (Doc. 12). The amended petition, which, inadvertently, was filed by the Clerk of Court, rather than lodged, purports to add three new grounds for relief: (1) Petitioner was subjected to multiple charges and convictions, in violation of federal due process and double jeopardy guarantees; (2) the trial court erred by not giving jurors CALJIC instructions regarding voluntary or involuntary manslaughter and by instructing the jury with the "malice aforethought" instruction; and (3) ineffective assistance of trial counsel in failing to object to those instructions. (Doc. 12, pp. 5-6).

From the documents submitted by Petitioner, it appears that these three new claims were included in a state habeas corpus petition filed by Petitioner in the Superior Court of the County of Kern. (Doc. 12, p. 38). On October 10, 2006, the trial court denied the petition on its merits and also on procedural grounds, citing Petitioner's delay in bringing the claims, In re Clark, 5 Cal.4th 750 (1993), and also that the claims could have been, but were not, raised in the direct appeal, citing In re Dixon, 41 Cal.2d 756 (1953). (Id.). It does not appear that Petitioner made any further efforts to exhaust these claims in the state court. On July 13, 2007, Respondent filed a motion for an extension of time to respond to the amended petition. (Doc. 14).

## DISCUSSION

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court, 144 F.3d 618, 620 (9th Cir. 1998); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of court is required for all other amendments. Rule Civ. P. 15(a).

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d at 844-45 (applying Rule 15(a) in a habeas case).

Here, a responsive pleading was filed on December 20, 2002, almost five years ago. (Doc. 6). Under those circumstances, an amended petition may only be filed with leave of this Court. Rule Civ. P. 15(a). Petitioner never sought leave of Court to file his amended petition before submitting the document to this Court. Nevertheless, the Court will analyze the amended petition in light of the factors listed in Bonin v. Calderon to determine whether the Petitioner should be filed or stricken.

**1. DELAY**

As noted above, under Rule 15(a), "leave shall be freely given when justice so requires," and the district court may consider whether there is any evidence of "undue delay, bad faith or

1  dilatory motive" with respect to the filing of the amendment when determining whether leave
2  should be granted.  Anthony v. Cambra, 236 F.3d 568, 578 (9th Cir.2000) (citations omitted);
3  Bonin v. Calderon, 59 F.3d at 844-45.

4        Petitioner has not filed any document seeking leave of Court to file the amended petition.
5  Accordingly, nothing in the case addresses any of the Bonin v. Calderon factors.  As the state
6  court noted in denying the habeas petition, Petitioner's direct appeal concluded on September 10,
7  2001, but he waited until August 2, 2006, almost five years, before raising the three "new" claims
8  in a state habeas proceeding.  (Doc. 12, p. 39).  Although the amended petition refers the Court to
9  his state habeas petition regarding the reasons for his delay, that state petition is not part of the
10 record and Petitioner did not include a copy of the state petition along with his amended petition.

11       Accordingly, those reasons, if they exist, have not been presented to this Court.  Nor can
12 the Court discern any reason why a delay of five years would be justified.  The three new grounds
13 do not involve the discovery of new evidence; rather, they are based on facts known to Petitioner
14 at the time of his direct appeal.  Therefore, they could have been, but were not raised in his direct
15 appeal as well as in the original petition in this case.

16       Petitioner has thus provided no satisfactory explanation for his failure to seek leave to
17 amend at an earlier date.   Thus, the Court finds that Petitioner's delay was unjustified.

18 **2.  NEW THEORIES**

19       In Bonin v. Calderon, the Ninth Circuit also held that a district court does not abuse its
20 discretion in denying a motion to amend "where the movant presents no new facts, but only new
21 theories and provides no satisfactory explanation for his failure to fully develop his contentions"
22 in the original petition. Bonin v. Calderon, 59 F.3d at 845.

23       In light of the previous discussion, it is patent that Petitioner is not raising new facts, but
24 merely proffering new legal theories based upon facts known to him since the time of his original
25 trial. As mentioned, Petitioner has he offered *any* explanation, let alone a satisfactory
26 explanation, for his failure to raise these new legal theories prior to submitting his amended
27 petition.
28 ///

### 3. FUTILITY

In <u>Bonin v. Calderon</u>, the Ninth Circuit held that futility of amendment can, by itself, justify the denial of a motion for leave to amend. <u>Bonin v. Calderon</u>, 59 F.3d at 845; <u>see also</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129-30 (9th Cir. 2000) (<u>en banc</u>) (confirming district court's authority to dismiss without leave to amend where amendment would be futile)

In the Court's view, even if Petitioner were allowed to amend to raise the three new issues, he would be procedurally barred under both <u>Clark</u> and <u>Dixon</u>. Moreover, since Petitioner never fully exhausted these claims in state court, they would be subject to dismissal for lack of exhaustion. Finally, the new claims arise from a different set of facts and conduct than the claim asserted in the original pleading, although these different facts and conduct were well-known to Petitioner at the time of his direct appeal. Therefore, the amendment does not relate back to the original pleading. <u>See</u>, <u>Anthony v. Cambra</u>, 236 F.3d at 576-77; <u>United States v. Craycraft</u>, 167 F.3d 451 (8th Cir.1999); <u>United States v. Duffus</u>, 174 F.3d 333 (3rd Cir.1999). Because the limitations period is not tolled for the time a habeas petition is pending in federal court, <u>see</u>, <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001), and this action has been pending for almost five years, the limitations period of 28 U.S.C. § 2244(d)(1) long ago expired. The proposed claims are therefore untimely.

Hence, on all three bases, Petitioner's "new" claims would be rejected. Thus, it would be futile for this Court to grant leave to amend the petition.

### 4. PREJUDICE TO THE OPPOSING PARTY.

Here, as mentioned Petitioner has delayed for almost five years in raising these three "new" issues. During that time, Respondent filed his response addressing the claim raised in the original petition. Respondent lodged documents from the state court proceedings relevant to that claim. Also, the Court reviewed the claim in its entirety before issuing its Report and Recommendation to deny the claim. Now, when the case is ready for dismissal, Petitioner seeks to amend his petition to raise three "new" issues, which would, in turn, require that Respondent prepare and file a supplemental response and, possibly, to lodge additional documents from the state court record supporting that supplemental response. Requiring Respondent to engage in

such additional work simply because Petitioner has failed to be diligent in raising these "new" claims is, in the Court's view, unfair and prejudicial. Had Petitioner been timely and diligent in raising these claims, Respondent could have addressed them in his original response. Without providing any justification for his delay, Petitioner cannot now expect Respondent to expend additional resources and to incur additional work simply in order to accommodate Petitioner's procrastination.

Because Petitioner has failed to meet four of the five <u>Bonin v. Calderon</u> factors,[1] the Court has no alternative but to refuse permission to file an amended petition. Because, through inadvertence, the Clerk of Court already filed the amended petition, the Court will order the amended petition stricken. In turn, that order renders moot Respondent's motion for extension of time to respond.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The Clerk of Court is ORDERED to STRIKE the Amended Petition filed June 25, 2007 (Doc. 12); and,

2. Respondent's motion for an extension of time to respond to the amended petition (Doc. 14), is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **July 17, 2007**                              **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The only factor in Petitioner's favor is that he has not previously amended his petition. However, in light of the other four factors that weigh heavily in favor of striking the amended petition, this one factor, standing alone, is insufficient to justify permitting Petitioner to proceed on the amended petition.